IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ANTHONY WILLIAMS, #368234 *
    Plaintiff,
v.                                 *    CIVIL ACTION NO. WDQ-13-3386

STATE OF MARYLAND              *
TFC KYLE L DUNGEE #5355
MARYLAND STATE POLICE        *
    Defendants.
                            *****

## MEMORANDUM

Plaintiff is currently confined at the Maryland Correctional Training Center ("MCTC"). He filed this 42 U.S.C. § 1983 civil rights complaint on November 13, 2013, alleging that State Trooper Kyle Dungee provided false testimony at his 2010 criminal trial, so much so that he was convicted by a jury of "a crime that would normally be classified as an accident." ECF No. 1. He further maintains that Dungee filed a declaration in his prior civil rights action that contained false information as to plaintiff striking Dungee in the face and bending and cracking his eyeglasses. He states that Dungee's actions constitute defamation, slander and libel[1] and seeks compensatory and punitive damages. ECF No. 1. Because he appears indigent, plaintiff's motion to proceed in forma pauperis shall be granted. His complaint shall, however, be dismissed without effecting service on defendants.

Insofar as plaintiff seeks damages for his confinement caused by Dungee's alleged false testimony in his criminal case, his § 1983 civil rights action shall be dismissed without prejudice. Assuming that a colorable constitutional claim has been stated, where an inmate's success in a § 1983

---

[1] Dungee's testimony was placed into evidence in plaintiff's prior litigation in *Williams v. State of Maryland, et al.*, Civil Action No. WDQ-11-2972 (D. Md.).

damages action would implicitly call into question the validity of the underlying conviction or duration of confinement, the inmate must first "achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). There is no showing that plaintiff's convictions have otherwise been overturned.

Insofar as plaintiff has raised an allegation of defamation, he has failed to state a claim under § 1983. Injury to reputation alone does not result in a deprivation of a liberty or a property interest protected by the Due Process Clause of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 703 (1976); *see also Siegert v. Gilley*, 500 U.S. 226, 233 (1991). An action for damages to reputation "lies...in the tort of defamation, not in 42 U.S.C. § 1983." *Fleming v. Dep't of Public Safety*, 837 F.2d 401, 409 (9th Cir. 1988). A defamation cause of action would not lie under § 1983. Section 1983 "cannot be used as a vehicle for asserting a claim of defamation." *Wildauer v. Frederick County*, 993 F.2d 369, 373 (4th Cir. 1993). Any defamation suffered by plaintiff would not be actionable under § 1983 because it does not implicate federal constitutional or statutory rights; "[d]efamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation." *Siegert*, 500 U.S. at 233.

For the reasons stated above, this 42 U.S.C. § 1983 civil rights action will be dismissed.

Date: 4/19/17

William D. Quarles, Jr.
United States District Judge